IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM J. SIVAK, | : | No. 3:25cv1666 |
| | : | |
| Plaintiff | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| BOBBI JO SALAMON, et al., | : | |
| | : | |
| Defendants | : | |

## ORDER

The background of this order is as follows.

Plaintiff William Sivak ("plaintiff") initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging that defendants violated his Eighth Amendment rights.  (Doc. 1).

Defendants filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. 13).  Plaintiff failed to respond to defendants' motion.  Therefore, the court issued an order directing plaintiff to respond to the motion.  (Doc. 17).  Plaintiff failed to respond.

Defendants then filed a motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  (Doc. 20).  Plaintiff failed to respond to defendants' motion.  The court therefore issued an order directing plaintiff to respond to the motion and warned him that failure to file a response would result

in defendants' motion being deemed unopposed. (Doc. 22). Once again, plaintiff failed to respond.

In addition, the court issued an order directing plaintiff to show cause why the action against the John Doe defendants should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) for failure to timely serve the summons and complaint. (Doc. 15). Plaintiff failed to respond in any way to the show cause order.

The court turns to the issue of plaintiff's failure to prosecute, given that he has taken no action since October 2025, and he did not file responses to the motions to dismiss and show cause order.

Pursuant to Federal Rule of Civil Procedure 41(b), a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." FED. R. CIV. P. 41(b). Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 (3d Cir. 1995).

The following six factors determine whether dismissal is warranted:

(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party…was willful or in bad faith; (5) the effectiveness

2

of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984); see also Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002).

The court must balance the factors and need not find that all of them weigh against the plaintiff to dismiss the action. Emerson, 296 F.3d at 190 (3d Cir. 2002). Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of the Poulis factors are not satisfied. Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988); Curtis T. Bedwell & Sons, Inc. v. International Fidelity Ins. Co., 843 F.2d 683, 696 (3d Cir. 1988) (holding that not all Poulis factors must weigh in favor of dismissal).

First, there is no doubt that plaintiff, as a pro se litigant, has the ultimate and sole responsibility to prosecute his claims and to comply with court orders.

Second, plaintiff's failure to communicate with the court and to comply with court orders frustrates any progressive forward movement. This failure to communicate clearly prejudices the defendants' ability to achieve a timely resolution of the case.

3

Third, plaintiff has established a history of dilatoriness through his failure to comply with court orders and failure to respond to defendants' motions to dismiss and the court's show cause order.

As to the fourth factor, "[w]illfulness involves intentional or self-serving behavior." Adams v. Trustees of N.J. Brewery Emps.' Pension Trust Fund, 29 F.3d 863, 875 (3d Cir. 1994). Plaintiff bears responsibility for the dilatory behavior as he is solely responsible for the lack of communication with the court and the failure to respond to defendants' motions and the show cause order, as directed. As stated, plaintiff has taken no action since October 2025. (See Docs. 7, 8). Accordingly, the court finds plaintiff's actions are willful and in bad faith.

Fifth, the effectiveness of alternative sanctions weighs in favor of dismissal. Because plaintiff proceeds pro se and in forma pauperis, it is doubtful that monetary sanctions would be effective.

The final Poulis factor is meritoriousness of the claim. A claim will be deemed meritorious when the allegations of the complaint, if established at trial, would support recovery. Poulis, 747 F.2d at 870. The standard for a Rule 12(b)(6) motion to dismiss is utilized in determining whether a claim is meritorious. Poulis, 747 F.2d at 869-70. The court finds that consideration of this factor cannot save plaintiff's claims, since he is now wholly non-compliant

4

with his obligations as a litigant.  Thus, the weight of this factor is lessened and, following a full analysis of the Poulis factors, the scale tips in favor of dismissal of this action.

ACCORDINGLY, to wit, this 22nd day of June 2026, it is hereby

ORDERED that:

1.   Defendants' motion (Doc. 20) to dismiss for failure to prosecute is GRANTED.  The above-captioned action is DISMISSED.

2.   The remaining pending motion is DISMISSED as moot.  (Doc. 13).

3.   The Clerk of Court is directed to CLOSE this case.

4.   Any appeal from this order is DEEMED frivolous and not taken in good faith.  See 28 U.S.C. § 1915(a)(3).

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court